UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

SARAH ANN CHRISTE,

                Plaintiff,              Civil Action No.: 13-14408
                                                   Honorable Linda V. Parker
                v.                       Magistrate Judge David R. Grand

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [9, 13]**

      Plaintiff Sarah Christe brings this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [9, 13], which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

      For the reasons set forth below, the Court finds that the Administrative Law Judge ("ALJ") properly weighed Christe's credibility and formulated an appropriate residual functional capacity ("RFC") assessment, as well as a hypothetical question, both of which are supported by substantial evidence of record. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment [13] be GRANTED, Christe's motion [9] be DENIED, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision be AFFIRMED.

**II.     REPORT**

    **A.     Procedural History**

On October 4, 2010, Christe filed applications for DIB and SSI, alleging disability as of April 20, 2010. (Tr. 122-36). The claims were denied initially on January 14, 2011. (Tr. 69-72). Thereafter, Christe filed a timely request for an administrative hearing, which was held on April 30, 2012, before ALJ Ronald Herman. (Tr. 33-48). Christe, represented by counsel, testified at the hearing, as did a vocational expert ("VE"). *Id.* In a written decision dated May 8, 2012, the ALJ found Christe not disabled. (Tr. 16-32). On August 15, 2013, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of this review. (Tr. 1-6). Christe filed for judicial review of the final decision on October 18, 2013. [1].

    **B.     Framework for Disability Determinations**

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" in relevant part as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic

work activities," benefits are denied without further analysis.

Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Schueuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 U.S. Dist. LEXIS 150240 at *21 (E.D. Mich. Dec. 6, 2011) *citing* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps . . . .  If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### C. Background

#### 1. *Plaintiff's Testimony and Subjective Reports*

Christe alleges that she is disabled from all work due to impairments including Graves' disease, endometriosis, heart problems, acid reflux and anemia.  (Tr. 151).  She alleges she stopped working in April 2010 due to her conditions, however she later admits that she did perform some work as a restaurant cashier and waitress through December 2010, eight months after her alleged onset date.  (Tr. 152-53).

Christe alleges that her Graves' disease is "over-working" her major organs, including her brain, heart and liver, causing vision problems, tremors, lethargy and shortness of breath.  (Tr. 41; 161).  She claims she can only stand for ten minutes at a time and is "pretty much in bed

all day everyday besides going to the bathroom and showering." (Tr. 161-62). She testified that when she was first diagnosed she "was hemorrhaging to death" and was relegated to bed. (Tr. 37). After radiation treatment she improved, but now she is regressing. *Id*. She testified to vision problems, and that her eyes will eventually "bulge out of [her] sockets" and require surgery. (Tr. 40). She reported her pain level as 10/10 all the time, and that she suffers from daily migraine headaches causing pain rated at 9/10 (and which require Motrin) and eye pressure, and needs rest to relieve her symptoms. (Tr. 41-42). She also testified to cardiac problems and that she was being evaluated for a pacemaker. (Tr. 42-43). She testified to side effects of her medications including light-headedness and dizziness. (Tr. 40).

Christe reported having three children that she cares for along with friends and her mother. (Tr. 37-38; 162). Her family also prepares her meals, and she performs household chores only 10 minutes at a time, with an hour of lying down in between. (Tr. 38; 163). She generally only leaves the house to go to the doctor, does not drive and does not shop. (Tr. 38-39; 164).

### 2. *Medical Evidence*

Christe does not take direct issue with the ALJ's evaluation of the medical evidence in this case. The Court has thoroughly reviewed the record, and will discuss the relevant portions of that record within the analysis portion of this Report and Recommendation.

### D. The ALJ's Findings

Following the five-step sequential analysis, the ALJ concluded that Christe was not disabled within the meaning of the Act. At Step One, he determined that, despite her part time work in 2010, 2011 and part of 2012, she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21). At Step Two, he found the following severe impairments:

"alleged joint pain, history of endometriosis, history of endometrioma, alleged blurred vision, alleged occasional heart palpitations, gastroesophageal reflux disease (GERD), history of anemia, Grave's disease, hyperthyroidism, alleged headaches, and alleged lightheadedness due to medications." (Tr. 22). At Step Three, he determined that none of Christe's impairments, either alone or in combination, met or medically equaled a listed impairment. (Tr. 22-23).

Next, the ALJ assessed Christe's RFC, finding her capable of performing sedentary work, lifting 10 pounds occasionally and lesser weights frequently, standing and/or walking two hours, and sitting six hours in an eight-hour day with normal breaks and with the option to sit or stand at will, provided she is not off-task more than 10% of the day. (Tr. 23). He also found that Christe must avoid ramps, stairs, ladders, ropes and scaffolds, as well as hazards such as heights and dangerous machinery due to her headaches. *Id.* At Step Four, the ALJ determined that based on Christe's RFC, she could not perform her past relevant work. (Tr. 27). However, at Step Five, informed in part by VE testimony, the ALJ determined that there were a significant number of jobs in the national economy that Christe could still perform. (Tr. 27-28). The VE specifically testified that, based on Christe's RFC, she could perform the jobs of surveillance systems monitor (500 jobs in the state of Michigan), inspector (2,500 jobs) or packer (450 jobs). (Tr. 46). Thus, she was not disabled. (Tr. 28).

### E.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d

5

591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide

the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### F.    Analysis

Despite Christe's brief's heading stating that she takes issue with the ALJ's evaluation of her medical records and opinion evidence, as well as with his formulation of an inaccurate hypothetical, the body of her brief fails to meaningfully address those issues. [*See generally* 9]. Her motion consists mainly of a compilation of quotations of black letter case law, and a recitation of her own testimony, with no accompanying analysis or application of the law to the facts of her case. Further, Christe does not actually appear to challenge the ALJ's assessment of the medical evidence, nor does she cite any medical opinion for which the ALJ failed to account. [9 at 8-12]. In fact, her brief cites to no medical evidence whatsoever and, as the ALJ pointed out, there *is* no opinion evidence in this case with which to take issue. (Tr. 26). Finally, although her argument heading does not suggest she takes issue with the ALJ's credibility determination, the issue of credibility is the only argument in her brief that could be considered even partially developed. (*Id.* at 9-11).

Christe's brief is very similar to one her counsel filed in another matter, *Burger v. Comm'r of Soc. Sec.*, 2013 WL 2285375 (E.D. Mich. May 23, 2013), which the court found to present no non-waived issue. And, on March 24, 2014, Chief Judge Rosen issued a scathing commentary on Christe's counsel's approach to his clients' summary judgment briefs:

> … [T]his reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel. In light of this lamentable record of filing one-size-fits-all briefs and inviting the Judges of this District to formulate arguments and search

> the record on his clients' behalf, Plaintiff's counsel is strongly cautioned that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

*Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1, n. 1 (E.D. Mich. Mar. 24, 2014) (internal citations omitted). While Christe's brief in the instant case was filed prior to issuance of the *Fielder* opinion, and is a somewhat modified version of the brief submitted in that case,[1] it is yet another "one-size-fits-all" brief, containing the very same "conclusory allegations" and "absence of developed argument" that Chief Judge Rosen found wholly insufficient in *Fielder*. Here, then, the Court could find that Christe has waived her arguments. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotations omitted). Nonetheless, for the sake of completeness, the Court will consider all of the evidence in light of the arguments raised (albeit vaguely) by Christe.

### 1. Credibility

Christe claims that the ALJ erred in formulating his hypothetical question because he failed to take into account all of her credible impairments. While couched as a Step Five challenge, Christe is really challenging the ALJ's evaluation of her credibility, as the only record evidence she cites in support of her argument is her own subjective testimony. Specifically, Christe argues that the ALJ failed to account for her testimony that she can stand only five

---

[1] Here, Christe's counsel has condensed the usual six-page recitation of black letter law down to two-and-a-half pages, in part by omitting (appropriately) a discussion of the treating physician rule found, which is inapplicable as no treating physician opinion is contained in the record. While these changes are a step in the right direction, Christe nevertheless still fails to meaningfully analyze the salient medical evidence, and instead simply argues that because her own testimony conflicts with the ALJ's RFC, the RFC must be in error. As discussed below, this approach is not a proper approach for evaluating the ALJ's conclusions.

8

minutes at a time, needs to lie down for an hour afterward, can lift only five pounds, and suffers from debilitating headaches, shakes and dizziness. Christe then notes both her diagnoses of conditions and the fact that she is prescribed medication for them. Her arguments are unpersuasive.

The Sixth Circuit has held that an ALJ is in the best position to observe a witness's demeanor and to make an appropriate evaluation as to her credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Thus an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The law is clear that an ALJ is not required to simply accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Thus, when a complaint of pain is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, she must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record." to determine if the claimant's claims regarding the level of her pain are credible. *Soc. Sec. Rul.* 96-7, 1996 SSR LEXIS 4 at *3, 1996 WL 374186 (July 2, 1996); *see also* 20 C.F.R. § 404.1529.

Contrary to Christe's arguments, the ALJ did in fact appropriately consider her testimony, and ultimately rejected her subjective allegations as being not credible in light of the objective medical evidence and her own daily activities. (Tr. 24-26). Specifically, the ALJ noted that Christe had alleged pain so debilitating that it kept her bed-ridden. (Tr. 26). At the same time, however, she admitted to helping care for her three children and the evidence showed that for certain periods after her alleged onset date, she worked and earned income at a level only

9

slightly under the threshold for "substantial gainful activity." (Tr. 21-22; 26); *see also* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). He also noted that the medical records reflected that Christe was "doing more around the house" as of January 2011, eight months after her alleged onset date. (Tr. 26). This is supported by the medical evidence, which reveals that she was feeling better as of December 2010 (Tr. 309-11) and doing more around the house as of January 2011 (Tr. 316-18). Similarly, the ALJ noted that Christe's employment records showed she worked at least part-time through the first quarter of 2012. (Tr. 21-22; 146-47). The ALJ also noted that Christe was able to shop at a large shopping center. (Tr. 26).

The ALJ noted that despite Christe's allegations that her Graves' disease had worsened, medical records showed that she had been treated with radiation to good effect, and that as of November 2010 her thyroid levels were stable. (Tr. 26; 312). The record supports this. (Tr. 322 (noting that thyroid was asymptomatic)). He further noted that she informed her doctors that her fatigue was lifting as of December 2010, and that there was no evidence in the record of any influence of the disease on any of her major organs, contrary to her testimony. (Tr. 22; 26). Again this is supported by the medical evidence of record. (Tr. 309-11 (feeling better since treatment); 319-21 (noting that fatigue was lifting); Tr. 309-22; 379-80; 385 (noting normal system functions on follow-ups regarding thyroid); Tr. 316 (noting in January 2011 increased fatigue and sleepiness, but also noting that she is doing more around the house and keeping busy)). While Christe alleges in her brief that her tremors contribute to her disability, she did not testify about her tremors during the hearing and, while the medical evidence supports the existence of mild tremors, (Tr. 202; 205-208; 216-18; 232-33; 309-14; 316-22; 379-80; 385), at no point did Christe either report, or a doctor find, that she was limited in any way by them. *Id.*

10

The ALJ found that despite Christe's allegations of heart palpations, her holter monitor report showed no abnormal results requiring follow up. (Tr. 25; 252-53). Prior to her ovarian surgery, she was deemed a low cardiac risk and a chest x-ray taken as part of that was normal. (Tr. 26; 224 (pre-op check-up showed low cardio risk); 235 (normal chest x-ray); Tr. 202; 221; 229-33; 277-81; 309-22; 364-65; 375-80; 385 (normal heart exams and no murmurs)). Despite her claims that her eyes felt like they were going to bulge out of her head, the objective medical record reflected no ocular problems and only once did Christe complain of such problems after receiving treatment for her Graves' disease, which was long after her alleged onset date. (Tr. 379-80 (complaining of vision problems in February 2012); Tr. 221; 232-33; 277-81; 309-14; 316-22; 385 (normal exams, no complaints of vision changes)).

The ALJ further found that Christe's claims of joint pain were belied by her own reports to physicians, where there was no evidence in the record of complaints of joint pain in April 2010. (Tr. 24). Indeed, the medical record shows only one complaint of joint pain (outside of a complaint of an acute injury after a fall) in the entire record. (Tr. 289). Further, as the ALJ noted, the medical record showed normal test results in both Christe's back and her joints, even when she was complaining of joint pain. (Tr. 224; 229-33; 277-81; 309-14; 316-22; 364-65; 385). He further noted that a bone scan in August 2011 was normal. (Tr. 24; 375-76).

The ALJ also noted that after removal of her left ovarian cyst in October 2010, Christe complained of only some pain in her lower left abdomen, but reported that it did not happen daily and did not interfere with her daily activities. (Tr. 25; 277-81; 316-18). Her anemia had been considered resolved as of December 2010, and she was found asymptomatic in 2011. (Tr. 25; 309-11; 316-18). The medical record reflects no complaints of headaches or lightheadedness, and the only complaint of dizziness in the record is associated with a cough

11

deemed to be related to allergies. (Tr. 221). Nevertheless, although not finding entirely credible Christe's claimed headaches and dizziness, the ALJ accounted for this by limiting her to sedentary work, avoidance of certain hazards, and allowing her some time to be off task (among other limitations). (Tr. 23, 26).

In sum, the ALJ appropriately considered Christe's subjective complaints and testimony and gave specific reasons for finding her testimony not credible. As noted above, his reasons are supported by substantial evidence of record. As such, the Court finds that the ALJ did not err in assessing Christe's credibility. *See Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.") (citing *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)).

### 2. *Adequacy of the Hypothetical Question*

Christe parlays her credibility argument into one about the adequacy of the ALJ's hypothetical question to the VE. The Court notes that the hypothetical question was a *verbatim* recitation of the RFC the ALJ ultimately adopted in his written opinion. Further, as discussed above, the ALJ had good reasons for rejecting Christe's subjective allegations of limitation, and crafted an RFC and hypothetical which took into account the objective medical record and Christe's activities of daily living, including her work record. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). An ALJ is entitled to rely upon the testimony of a VE in response to hypothetical questions to the extent those questions accurately portray the claimant's physical and mental impairments. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). At the same time, an ALJ is only required to pose those hypothetical limitations

that she finds credible. *Burbo v. Comm'r of Soc. Sec.*, No. 10-2016, 2011 U.S. App. LEXIS 26143 (6th Cir. Sept. 21, 2011) *citing Stanly v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994). Here, that is exactly what the ALJ did, and the Court finds that the limitations contained in Christe's RFC are supported by substantial evidence of record and should be affirmed.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Christe's Motion for Summary Judgment **[9]** be **DENIED**, the Commissioner's Motion **[11]** be **GRANTED**, and this case be **AFFIRMED**

Dated: November 10, 2014  s/David R. Grand
Ann Arbor, Michigan   DAVID R. GRAND
   United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2014.

                                                                                s/Eddrey O. Butts
                                                                                EDDREY O. BUTTS
                                                                                Case Manager